## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **MIKHAEL CHARLES DORISE,** | ) | |
| Petitioner, | ) | Civil Action No. 7:12cv00102 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CHRISTOPHER ZYCH,** | ) | By: Norman K. Moon |
| Respondent. | ) | United States District Judge |

Petitioner Mikhael Charles Dorise, a federal inmate incarcerated at the United States Penitentiary – Lee County and proceeding *pro se*, filed this second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. See Civil Action No. 7:12cv00029. As he did in his previous § 2241 petition, Dorise claims that he is actually innocent of his career offender status. Upon review of the petition, the court concludes that Dorise has still failed to demonstrate entitlement to relief under § 2241 and, therefore, dismisses his petition.

### I.

On May 28, 2004, following a four-day trial during which Dorise represented himself[1], a jury found Dorise guilty of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); of the use, carrying, or brandishment of a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c); and of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[2] On October 26, 2004, the trial court sentenced Dorise to a total term of 411 months of incarceration. Over Dorise's objection, the court concluded that Dorise had previously committed two prior "crimes of violence" subjecting him to the career offender enhancement found in U.S.S.G. § 4B1.1.[3] On January 17, 2006, the Fifth Circuit

---

[1]  Dorise rejected three separate court-appointed attorneys.
[2]  On May 24, 2002, Dorise, armed with a pistol, forced his way into the Guaranty Bank in La Marque, Texas, just prior to its opening, threatened three bank employees at gunpoint, forced them to give him approximately $180,000.00, locked them in the bank's vault, and then fled in a truck belonging to one of the employees. United States v. Dorise, No. 3: 02-CR-10-1 (S.D. Tex. 2002). Dorise was captured shortly after the robbery. Id.
[3]  Specifically, Dorise was convicted of two separate robberies, one in 1992 and another in 1994.

affirmed Dorise's conviction and sentence.[4]  On October 6, 2006, the Supreme Court of the United States denied Dorise's petition for writ of certiorari.

More than two years later, on November 4, 2008, Dorise filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  United States v. Dorise, No. 3: 02-CR-10-1 (S.D. Tex. 2002).  On June 29, 2009, the district court denied Dorise's § 2255 motion as untimely filed.  Alternatively, the district court also noted that Dorise's claims were either procedurally barred, not cognizable in a § 2255 proceeding, or unavailing.  Both the district court and the United States Court of Appeals for the Fifth Circuit denied Dorise's request for a certificate of appealability.

Since filing his § 2255 motion, Dorise has sought permission from the Fifth Circuit to file a second or successive § 2255 motion on three occasions, all of which the Fifth Circuit has denied.  In re: Mikhael Dorise, No. 10-40605 (5th Cir. 2011) (slip op. of Aug. 31, 2010); In re: Mikhael Dorise, No. 10-41020 (5th Cir. 2011) (slip op. of Dec. 14, 2010); In re: Mikhael Dorise, No. 11-40099 (5th Cir. 2011) (slip op. of Mar. 14, 2011).  Dorise has also filed three prior § 2241 petitions, one in the Eastern District of Kentucky, one in the Western District of Louisiana, and one in this court, all of which raised substantially the same claim and all of which the district courts, including this one, dismissed on the basis that Dorise's claim was not cognizable in a § 2241 petition.  In his instant § 2241 petition, Dorise again contends that he is actually innocent of his career offender status.

## II.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence,[5] unless a motion pursuant to § 2255

---

[4]  Dorise was represented by counsel on appeal and the only issue that Dorise raised was whether he was competent to waive his right to counsel.

is "inadequate and ineffective" for those purposes. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); 28 U.S.C. § 2255(e) (the "savings clause"). A motion pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence, and thus satisfies § 2255's savings clause, only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. In re Jones, 226 F.3d at 333-34.

"Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also In re Jones, 226 F.3d at 333-34; White v. Rivera, No. 3:08-3681, 2009 U.S. Dist. LEXIS 44397, 2009 WL 1456712, at *4 (D.S.C. May 21, 2009) ("[T]he Fourth Circuit has also noted that the savings clause does not give inmates who are only challenging their sentences, not their convictions, recourse under § 2241."). Instead, the relevant case law has "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Dorise's petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241. Specifically, the second element of

---

[5] See United States v. Little, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (citing 28 U.S.C. § 2241(a)).

the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333-34. Dorise does not assert that the conduct for which he was actually convicted-- robbery, use of a firearm during the commission of a crime of violence, or being a felon in possession of a firearm-- is no longer criminal. And clearly there has been no change in the law making it now legal to do any of these things. Accordingly, the court finds that Dorise fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction and, therefore, his claim is not cognizable in a § 2241 petition.[6]

### III.

For the reasons stated herein, the court dismisses Dorise's § 2241 petition.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER**: This 13th day of March, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[6] The court declines to construe Dorise's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977). Second, Dorise has already filed a § 2255 motion in the Southern District of Texas and the United States Court of Appeals for the Fifth Circuit has already denied him permission to file a second or successive § 2255 motion three times. Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Therefore, this court declines to construe and transfer Dorise's petition.